| | |
|---|---|
| STATE OF VERMONT<br>LAMOILLE COUNTY, SS. | LAMOILLE SUPERIOR COURT<br>Docket No. 64-3-06 Lecv |



CECIL MAYO, ALI MAYO,  )
RON BARRE, and CONNIE NADEAU  )
  )
v.  )
  )
TOWN OF EDEN by and through  )
TOWN OF EDEN SELECTBOARD.  )

## COMPLAINT

NOW COME Plaintiffs Cecil Mayo, Ali Mayo, Ron Barre, and Connie Nadeau, and, pursuant to V.R.C.P. 75, hereby seek review of the actions of the Town of Eden by and through the Town of Eden Selectboard and hereby complain as follows:

1. Plaintiffs are residents of Lamoille County, Vermont.

2. Defendant Town of Eden by and through the Town of Eden Selectboard is comprised of members duly elected to represent the citizens of the Town of Eden, Vermont.

3. The Town of Eden owns and operates the Lake Eden Recreation Area, which consists of beach front, lake, and other recreational grounds for camping.

4. Until late 2005, Lake Eden Recreation Area campgrounds were comprised of 17 seasonal campsites, as well as a few nightly/tent camp sites.

5. Seasonal campsites were rented yearly, mostly by the same people from year to year.

6. In 2004-2005, the seasonal rental cost $1,150.00.

7. Seasonal campers were allowed to leave their camping structures (for example, campers with lean-to's) at Lake Eden Recreation Area and pay local property taxes on those structures.

8. For several years, Plaintiffs have used, occupied, enjoyed and rented seasonal campsites 3 and 4 at Lake Eden Recreation Area.

9. Plaintiffs left structures upon Lake Eden Recreation Area campsites 3 and 4 from year to year and paid local property taxes on those structures.

10. In late 2005, the Town of Eden by and through the Town of Eden Selectboard decided to evict all seasonal campers and take applications for the seasonal campsites from whomever wished to apply.  The Selectboard also decided to give priority to past seasonal camper, with any remaining vacant spaces to be filled from other applicants.

11. Plaintiffs removed their structures from campsites 3 and 4, as directed by Defendant.

12. Without notice to Plaintiffs or other applicants as to the specific standards under which the applications for seasonal sites would be approved, Defendant decided to allow all previous seasonal campers to return to seasonal campsites at Lake Eden Recreation Area except Plaintiffs, despite the fact that Plaintiffs are past seasonal campers.

13. After making its decision, Defendant notified Plaintiffs that they would not be allowed to return and cited to an unsubstantiated, de minimis incident as a pretext to justify its action.  Plaintiffs were not afforded the opportunity to appear before the Board in response to the unfounded allegation that, on one occasion, they were responsible for not cleaning up the grounds after a campground barbeque attended by other seasonal campers.

14. Plaintiffs requested that the Town of Eden, by and through its Selectboard, consider their perspectives on the allegations.

15. On February 28, 2006, Defendant sent correspondence to Plaintiffs notifying them of its final determination not to allow Plaintiffs to return to Lake Eden Recreation Area as seasonal renters.

16. In its February 28th letter, Defendant enclosed a legal opinion authored by David Barra, Esq., dated February 21, 2006, which stated that Defendant believed the Town of Eden Selectboard could, but was not bound to, further consider Plaintiffs' positions.

17. Defendant targeted Plaintiffs and impermissibly excluded them from returning to their Lake Eden Recreation Area seasonal campsites based solely upon and as a result of Plaintiffs' participation in Selectboard hearings during 2005.

18. During the 2005 camping season, Plaintiffs supported the Lake Eden Recreation Area manager and her husband before the Selectboard in the face of criticisms made by the wife of the Selectboard Chairman at numerous public Town of Eden Selectboard meetings.

19. In its review of applications for Lake Eden Recreation Area seasonal campsites, Defendant failed to use a means of approval that would ensure fairness to all applicants.

20. From its actions, it is clear Defendant targeted Plaintiffs, perceived by the Selectboard as troublemakers, and impermissibly excluded them from returning to Lake Eden Recreation Area in retaliation for their vocal participation in public meetings.

22. Defendant has rented Plaintiffs' former campsites to third parties.

23. Defendant exercised, in an arbitrary and capricious manner, its authority by willfully excluding Plaintiffs from returning to Lake Eden Recreation Area for discriminatory reasons and without reliance upon any articulated standards, criteria or guidelines for reviewing the applications for seasonal campsites.

24. Defendant willfully and impermissibly excluded Plaintiffs from returning to Lake Eden Recreation Area without affording Plaintiffs due process to defend themselves against baseless and de minimis accusations.

25. Defendant has willfully injured and caused Plaintiffs damages in retaliation for their Constitutional exercise of free speech and participation in public meetings, in direct violation of Federal Law, 42 U.S.C.S. §1983.

### COUNT ONE - REVIEW OF GOVERNMENTAL ACTION

26. Plaintiffs repeat and re-allege paragraphs 1-25 as if fully set forth herein.

27. Based upon the facts above, Defendant wrongfully and arbitrarily exercised its authority in retaliation against Plaintiffs.

28. Plaintiffs are entitled to review and reversal of the retaliatory actions of Defendant.

> WHEREFORE Plaintiffs respectfully request the following relief:
>
> a. Finding in favor of Plaintiffs;
> b. Order that Defendant institute fair and impartial criteria for determining which Lake Eden Recreation Area seasonal campsite applications to approve;
> c. Remand of Plaintiffs' applications;
> d. Punitive damages in an amount to be determined at trial;
> e. Cost and fees associated with this action.

Since Plaintiffs' former Lake Eden Recreation Area campsites have been rented to third parties, Plaintiffs request in the alternative compensatory damages in excess of the jurisdictional minimum and in an amount to be determined at trial, punitive damages, costs and fees.

### COUNT TWO - VIOLATION OF 42 U.S.C. §1983.

29. Plaintiffs repeat and re-allege paragraphs 1-28 as if fully set forth herein.

30. Based upon the facts herein set forth, Defendant has attempted to deprive Plaintiffs of their Constitutional rights of free speech, in direct violation of 42 U.S.C. §1983.

31. Based upon the facts herein set forth, Defendant has impermissibly retaliated against Plaintiffs because they exercised their Constitutional rights of free speech in public hearings before Defendant.

32. Based upon Defendant's willful and impermissible actions, Plaintiffs are entitled to redress against Defendant.

> WHEREFORE Plaintiffs respectfully request the following relief:
>
> a. Judgment against Defendant;
> b. Compensatory damages in excess of the minimum jurisdictional amount, to be determined at trial;
> c. Punitive damages in an amount to be determined at trial;
> d. Cost and fees associated with this action.

## COUNT THREE - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiffs repeat and re-allege paragraphs 1-32 as if fully set forth herein.

34. Defendant willfully and intentionally retaliated against Plaintiffs for their participation in public Selectboard meetings and impermissibly excluded them from returning to their seasonal Lake Eden Recreation Area campsites, in violation of State and Federal law.

35. Plaintiffs have suffered emotional distress as a result of being publicly targeted by Defendant, through its local legislative body.

36. Plaintiffs have suffered emotional distress as a result of Defendant's public discrimination of them.

37. Plaintiffs have suffered emotional distress as a result of being impermissibly deprived of their due process rights by Defendant.

38. Plaintiffs have suffered emotional distress as a result of being wrongfully deprived access to their local, summertime camping activities by Defendant.

39. Defendant intentionally inflicted emotional distress upon Plaintiffs.

WHEREFORE Plaintiffs respectfully request the following relief:

    a. Judgment against Defendant;
    b. Compensatory damages in excess of the minimum jurisdictional amount, to be determined at trial;
    c. Punitive damages in an amount to be determined at trial;
    d. Cost and fees associated with this action.

DATED at _____, Vermont this ___ day of March, 2006.

PLAINTIFFS

_____
Cecil Mayo

_____
Ali Mayo

_____
Ron Barre

_____
Connie Nadeau

| | |
|---|---|
| STATE OF VERMONT<br>LAMOILLE COUNTY, SS. | LAMOILLE SUPERIOR COURT<br>Docket No. |

CECIL MAYO, ALI MAYO,              )
RON BARRE, and CONNIE NADEAU  )
                                            )
        v.                                )
                                            )

| | |
|---|---|
| STATE OF VERMONT<br>LAMOILLE COUNTY, SS. | LAMOILLE SUPERIOR COURT<br>Docket No. 64-3-06 Lecv |

CECIL MAYO, ALI MAYO, )
RON BARRE, and CONNIE NADEAU )
)
v. )
)
TOWN OF EDEN by and through the )
TOWN OF EDEN SELECTBOARD. )

**FILED**

MAR 2 3 2006

Lamoille County Superior Court
Hyde Park, Vermont

## SUMMONS

To the above-named Defendant:   TOWN OF EDEN by and through the
TOWN OF EDEN SELECTBOARD

You are hereby summoned and required to serve upon Plaintiffs whose address is P.O. Box 964, Morrisville, Vermont 05661, an answer to the complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service.* If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must be filed with the Court. Unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiffs, or you will thereafter be barred from making such a claim in any other action. YOUR ANSWER MUST STATE SUCH A COUNTERCLAIM WHETHER OR NOT THE RELIEF DEMANDED IN THE COMPLAINT IS FOR DAMAGE COVERED BY A LIABILITY INSURANCE POLICY UNDER WHICH THE INSURER HAS THE RIGHT OR OBLIGATION TO CONDUCT THE DEFENSE. If you believe that the plaintiffs are not entitled to all or part of the claim set forth in the complaint, or if you believe that you have a counterclaim against the plaintiffs, you may wish to consult an attorney.

Dated: 3/24/06

~~Plaintiff~~ Superior Court Clerk

*Served on _____    _____
              Date                    Deputy Sheriff